IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nicole C. Tomazic, Administratix | ) | Case Number: 1:04 CV 2252 |
| Plaintiff, | ) | Judge: Nugent |
| City of Cleveland, et al., | ) | Memorandum Opinion and Order |
| Defendants. | ) | |

This matter is before the Court on Defendant Daniel Jopek's Motion to Strike Plaintiff's Expert Reports and Declarations of George Kirkham and Mark Rice. (ECF # 78). Plaintiff opposes the motion. (ECF #83). For the reasons set forth below, the Defendant's motion is hereby GRANTED.

## PROCEDURAL HISTORY

The facts relevant to the current motion are essentially undisputed. This case was originally assigned to the Honorable U.S. District Judge John M. Manos, and was stayed for approximately one year because Defendant Daniel Jopek was called to military service in Iraq. (ECF #25). The stay expired on January 3, 2006. Judge Manos set a trial date of September 18, 2006, and a discovery cut-off of September 5, 2006. (ECF #32). The Court did not set any deadlines for the disclosure of expert witnesses, or service of expert reports. There was also no cut-off date set for the filing of dispositive motions, however Defendants were instructed by Judge Manos that they were to seek leave of court if they wished to file any such motions in

advance of trial. According to the Plaintiff, the parties agreed at the scheduling conference that they would work together and there would be no need for a court imposed deadline for expert discovery. (ECF #83). Plaintiff did identify George Kirkham as an expert witness in her response to the Defendant, Officer Jopek's Interrogatory Number 12, which was served on the Defendants in May of 2006. The reports of George Kirkham, and it disclosure and report of Mark Rice were not served on the Defendants until August 14, 2006, when they were included in Plaintiff's Opposition to Defendant Jopek's Motion for Summary Judgment.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(C) states that in the absence of a court imposed deadline, or a stipulation between the parties, expert reports shall be served to the opposing parties at least 90 days before the trial date. Trial in this case is set for September 18, 2006, therefore, the default cut-off for expert disclosure in this case as established by Fed. R. C. Pro. 26 would have been June 20, 2006. There is no question that the Court did not establish expert deadlines, nor is there any real dispute that the parties actually stipulated to a later date for expert disclosures. Plaintiff does contend that the parties agreed to work together on discovery issues and agreed not to have the court impose a specific deadline, however, even if this is true, that would not equate to a formal stipulation between the parties sufficient to supercede the default deadlines established by Fed. R. Civ. P. 26(a)(2)(C). Therefore, because neither of the exceptions to the application of Fed. R. Civ. P. 26 apply in this case, that rule operates to establish an expert report disclosure deadline of June 20, 2006. Plaintiff did not serve expert reports on the Defendants by that date, and the Defendants filed their Motions for Summary Judgment without the benefit of having seen any expert reports obtained by the Plaintiff.

Plaintiffs are therefore prohibited from relying on the previously undisclosed expert reports attached to their Opposition to Defendant's Motion for Summary Judgment.

The Court further notes, that Plaintiff will not be prejudiced by the decision to disallow consideration of the expert reports, because, at least at this juncture, they would not affect the outcome of the Motions for Summary Judgment. Mr. Rice's report is cited for the sole premise that Mr. Strnad, the deceased, could not have fishtailed his car and almost struck officer Jopek, before the start of the police chase that led to Mr. Strnad's death. The question of whether Mr. Strnad came close to hitting Officer Jopek as he pulled away does not have any conclusive effect on the ultimate question of whether Officer Jopek was justified in shooting Mr. Strnad later, following a chase, and after Mr. Strnad had crashed and exited his vehicle.

As to the report submitted by Mr. Kirkham, that report addresses the ultimate issue, but also steps too far into the realm of the jury. Mr. Kirkham reports that Mr. Jopek did not hav a reasonable basis to conclude that Mr. Strnad posed a threat of serious bodily harm, that his actions were unreasonable and inconsistent with proper police procedure. This is not valid opinion testimony. It is up to the jury to determine based on the underlying facts if Officer Jopek 's actions were reasonable, and whether Mr. Strnad posed a threat of serious bodily harm. Expert testimony on these issues is unnecessary. Jurors may make this determination based on their own common knowledge and sense.

## CONCLUSION

For the reasons set forth above, this Court hereby grants Defendant Officer Jopek's

Motion to Strike Plaintiff's Expert Reports and Declarations of George Kirkham and Mark Rice. (ECF #78). IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date: September 6, 2006